UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM DONALD RITTER, </br></br> Petitioner, </br></br> vs. </br></br> WENDY KNIGHT, </br></br> Respondent. | ) </br> ) </br> ) </br> ) </br> ) Case No. 1:14-cv-00490-WTL-DML </br> ) </br> ) </br> ) </br> ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of William Donald Ritter for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 14-01-0203. For the reasons explained in this Entry, Ritter's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

1

### B. The Disciplinary Proceeding

On January 19, 2014, Correctional Sergeant Christopher Poe wrote a Report of Conduct in case CIC 14-01-0203 charging Ritter with Class A offense #106, Possession of a Dangerous/Deadly Weapon. The Conduct Report states:

> On 1-19-14 at 6:30 AM I (Sgt. Christopher Poe) and Ofc. J.P. Jones [performed] a cell search in cell 24-3C. This cell is occupied by Offender Patrick Reed #199403 24 A-3C and Offender William Ritter #110180 24B-3C. After lifting the cell desk and standing it on end, I Sgt. C Poe located an item that appears to be a shank like weapon (pictures attached). When asked which offender the item belonged to, neither offender claimed ownership. Both Offenders were handcuffed and escorted to ARHU and placed in HC-1 and HC-2. This dangerous item being in this individual's cell is a clear violation of code 106.

Also on January 14, 2014, Correctional Officer J.P. Jones wrote a statement that stated the following:

> While shakedown room 24-3C, I Ofc. J.P. Jones/Sgt. Christopher Poe lift the desk on it side and under the desk lay what look like a shank. Offender Patrick Reed 199403, 24A-3C and Offender William Ritter 110180 24B-3C, lives in this room. When asked who this shank belong to, both offender stated it did not belong to them.

The item was confiscated and placed in an evidence locker. Ritter was placed in disciplinary segregation pending a hearing.

On January 23, 2014, Ritter was notified of the charge of offense #106 and served with the conduct report and the notice of disciplinary hearing screening report. Ritter was notified of his rights and pled not guilty. Ritter requested a witness statement from offender Patrick Reed and requested a photo of the shank and a logbook as physical evidence. Ritter also asked for a lay advocate, and was provided with one. Ritter waived his right to twenty-four hour prior notice of the hearing.

On January 24, 2014, a hearing was held and the hearing officer found Ritter guilty of offense #106. In making the determination of guilt, the hearing officer considered staff reports and Ritter's statement. The hearing officer recommended the following sanctions: a written reprimand, a forty-five (45) day loss of phone and commissary privileges, one-hundred (120) days of disciplinary segregation, a one-hundred eighty (180) day deprivation of earned credit time, and a demotion from credit class 1 to credit class 2. The hearing officer recommended the sanctions because of the seriousness and nature of the offense.

On January 28, 2014, Ritter appealed to the Facility Head. On February 10, 2014, the Facility Head modified Ritter's charge and conviction to class B offense #228, Possession of Altered Property, and modified his sanctions to the following: a thirty (30) day loss of commissary privileges, a thirty (30) day loss of earned credit time, a waiver of any remaining time in disciplinary segregation, and a suspension of the demotion from credit class 1 to credit class 2. Ritter appealed to the Appeal Review Officer, and the appeal was denied on February 28, 2014

### C. Analysis

Ritter raises six grounds for relief in his petitioner.

First, Ritter argues that he is entitled to habeas relief because he was not in possession of any weapon. He states that the weapon was found in a neutral shared common area. This argument is really a challenge to the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

To be guilty of class B offense #228, an offender must have "unauthorized possession of any item of property that has been altered or modified from its intended use for the purpose of being used as a weapon." A conduct report alone may provide "some evidence" of guilt, notwithstanding its brevity or the presence of conflicting evidence. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, both the conduct report and the additional statement of Officer Jones show that while Sgt. Poe and Officer Jones were conducting a shakedown of the cell in which Ritter resided, they found an item that looked like a shank

Ritter argues that there was no evidence that the weapon belonged to him because it was found in a "neutral shared common area" and not on his person or among his personal property. In response, the respondent correctly notes that that the "some evidence" standard may be satisfied when an illegal item is found in a cell shared by more than one offender, citing *Hamilton v. O'Leary,* 976 F.2d 341, 345 (7th Cir. 1992) ("constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access").

Unfortunately for Ritter, each offender may be found guilty by joint or constructive possession. *Id.* In this case, there was no direct evidence identifying Ritter or his cellmate as the owner of the weapon. This means that there was a 50% chance that the contraband belonged to the petitioner, and that was sufficient to constitute "some evidence." *See Id.* at 346; *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). In reply Ritter argues that he is incapable of lifting the desk because he has "carpal syndrome" but this argument was not made to the hearing officer and it is not supported by any evidence.

Further, Ritter's reliance on *Abney v. State*, 822 N.E. 2d 260 (Ind. Ct. App. 2005) is not persuasive because that case involved a criminal conviction based on constructive possession, not

a disciplinary proceeding. This matters because in the criminal context, the State must prove the defendant's guilty "beyond a reasonable doubt." In the prison disciplinary context only "some evidence" of guilt is required. In addition the Indiana Code provision in *Abney* is distinct from the Department of Correction's class B offense #228, Possession of Altered Property, at issue in this case.

  Second, Ritter states that he was effectively denied a witness statement because he was forced to choose between postponing the disciplinary hearing in order to obtain the witness statement (requiring Ritter to remain in segregation), or waiving his right to obtain a witness statement. The record suggests that Ritter was going to be given a continuance so that further evidence could be gathered. However, instead of a continuance, Ritter chose to waive his right to the statement, so that he could have an immediate hearing and perhaps be released from disciplinary segregation, even though release from disciplinary segregation was not guaranteed as is evidenced by the fact that Ritter's initial sanctions included disciplinary segregation. In addition, there is no evidence that the facility unnecessarily delayed the hearing in an effort to force Ritter to waive his right to Reed's statement. Finally, there is no indication that Reed's testimony would have aided in Ritter's defense. Reed previously stated that the shank was not his, thus there is no basis to conclude that Reed's testimony would have been exculpatory or helpful to Ritter. Ritter argues in reply that Reed would have taken responsibility for the weapon and would have explained that Ritter was not able to access the weapon. However, there is no evidence to support this assertion. Instead, the record reflects that Reed denied that the shank was his.

  Third, Ritter states that he was denied a copy of the hearing officer's findings and an appeal form. In response, the respondent argues that Ritter refused to sign the Report of Disciplinary Hearing acknowledging that he was made aware of the disposition of the disciplinary matter and

his rights to appeal. He cannot now claim it was error that he was allegedly not made aware of the findings, when he refused them. Nonetheless, even if he was not given a written copy of the report by the hearing officer, he has once again failed to show prejudice.

The respondent is correct that Ritter has not shown prejudice in this regard. Ritter does not claim that he never received the hearing report only that he "had to seek recourse." In addition he was able to file an appeal and was successful in that his conviction was reduced and his sanctions significantly modified. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011) (offender suffered no prejudice so any conceivable due process error was harmless). No relief is warranted on this basis.

Fourth, Ritter states that he was denied requested evidence. He states that commissary records would have proven that he never made a commissary purchase to order nail clippers (which were used to make weapon). This claim is without merit because there is no evidence that Ritter ever requested commissary records as evidence.

Fifth, Ritter states that he was denied an inmate lay advocate. Instead he was given the assistance of an indignant correctional officer who provided no assistance. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. Prisoners have no right to counsel at a disciplinary hearing. *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983). That the prison may have violated its own policy by providing Ritter an allegedly inadequate law advocate is irrelevant for purposes of § 2254, the question is whether due process was violated. *See Jones v. Cross,* 637 F.3d 841, 846 (7th Cir. 2011); *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc). Under these circumstances, Ritter is not entitled to any relief based on his dissatisfaction with the assistance he received from his lay advocate.

Sixth, Ritter states that he had the right to a fair hearing before impartial decision makers, but instead his case was heard by a single vindictive and spiteful correctional officer. This claim has been waived because it was not raised in Ritter's administrative appeal. *See Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2000) (issues must be raised at all administrative levels). In any event, there is no evidence that the hearing officer was involved in the underlying incident nor is there any evidence of improper bias in the proceedings. No relief is warranted on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Ritter to the relief he seeks. Accordingly, Ritter's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/23/15

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

WILLIAM DONALD RITTER
110180
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel